Nash, J.
 

 We think in his instruction to the jury,
 
 Ms
 
 Honor erred. The construction ©f a written document is purely a matter of law, in all cases, when the meaning and intention of the parties are to be collected from the instrument itself. Thus the construction of records and deeds, and other express contracts, is m'atter of law for the Court, and not of fact for the jury.
 
 Macbeath
 
 v„
 
 Holdiman,
 
 1 Term R. 180, 1st Star. Ev. 463. If the intention of the parties in making a contract, is a matter of fact for the jury, then that intention, being out of the
 
 *56
 
 deed, could be proved by parol, and parol evidence would be receivable to alter the legal construction of the instrument. This cannot b'e. See, 2 Star. Ev. 553 ;
 
 Hoar
 
 v.
 
 Graham,
 
 3 Camp. 57 ;
 
 Hogg
 
 v.
 
 Smith,
 
 1 Taun. 347.
 

 We might satisfy ourselves by stopping at this poin% and for this error send the cause back to another jury ; but as we are of opinion, that the plaintiff cannot recover, in this action, we will proceed to state our reasons. The first contract, made on the 3d of March, 1842, was an executed contract. Sizemore had made his conve3rance to Morrow, and the latter had executed his bond for the purchase money. The lot and houses were the property of Morrow, to every intent and purpose, free from any lien in favor of Sizemore. In October following, the parties enter into a new contract. Morrow conveys the same premises back to Sizemore, the latter giving him a bond to make title, when the purchase money shall be paid. If the bond had stopped here, it might well be questioned whether the first contract in all its. parts was rescinded, and whether the transaction was not merely in the nature of a mortgage. But it goes on, and by the latter clause, alters the character of the original contract entirely. For if Morrow does not pay the purchase money, it is made a part of the contract, that he shall pay rent for the premises from the time he took possession. This puts it in the power of either to repudiate the contract of purchase at law, and makes Morrow the tenant of Sizemore. This latter contract is so essentially different from the first, that the two cannot, in any of their parts,
 
 stand togeth&r,
 
 and the bond of the 2d of March, being a part of the first contract, must be considered, as between these parties, discharged at law. What may be the equities of the§e parties, we cannot, sitting in a Court of law, decide.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 ordered.